FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 29, 2020

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>   v.<br><br>NICHOLAS J. KLOEPFEL,<br><br>               Defendant. | NO:  2:08-CR-154-RMP-1<br><br>ORDER DENYING MOTION FOR COMPASSIONATE RELEASE |

BEFORE THE COURT is Defendant Nicholas J. Kloepfel's Construed Motion for Compassionate Release, ECF No. 93.  The Court has reviewed Defendant's pro se motion, the supplemental briefing and exhibits submitted on behalf of Mr. Kloepfel by counsel from the Federal Defenders of Eastern Washington, and the United States' response to Defendant's motions.  After considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the United States Sentencing Commission, the Court finds that compassionate release is not supported by the facts of this case.

## BACKGROUND

On June 23, 2009, Defendant Kloepfel pleaded guilty to one count of possession with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine and one count of possession with the intent to

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE ~ 1

distribute.  ECF No. 57.  Defendant was sentenced to a term of incarceration of 195 months, to run concurrently, on each of his two counts of conviction, and the Court dismissed the remaining counts of the Superseding Indictment.  *See* ECF No. 81.  The Court imposed enhancements for Defendant's behavior on arrest and for carrying a firearm during the offense.

Defendant is 37 years old and currently is incarcerated at United States Penitentiary ("USP") Florence in Colorado.  United States Bureau of Prisons ("BOP") records indicates an anticipated release date of January 29, 2023.  Defendant has a long criminal history that involves violent conduct.  Defendant incurred infractions during approximately the first two years of his term of incarceration, but has not had any disciplinary problems in prison since 2012.  Defendant also has participated in self-improvement and reentry programming through the BOP since 2012.

Medical records provided by the Assistant Federal Defender support that Defendant has chronic asthma that has required treatment with an albuterol inhaler during Defendant's incarceration, and Defendant has coughed up blood while incarcerated after exposure to pepper spray.  ECF No. 110 at 8.  During a chronic care visit on August 23, 2020, medical staff assessed Defendant as "high risk if he acquires coronavirus."  *Id.*

According to the Government, as of December 7, 2020, the Bureau of Prisons case tracking website indicated thirty confirmed cases in the inmate population at USP-Florence.  ECF No. 115 at 12.

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE ~ 2

Defendant proposes release to the home of his fiancée in Spokane and represents that he has a job waiting for him at a construction firm.

## LEGAL STANDARD

A court may reduce a term of imprisonment on compassionate release grounds after considering the factors under 18 U.S.C. § 3553(a) to the extent that they are applicable and upon a finding that "extraordinary and compelling reasons warrant such a reduction" and the reduction is "consistent with applicable policy statements issued by the Sentencing Commission[.]"  18 U.S.C. § 3582(c)(1)(A).

The U.S. Sentencing Commission has issued a policy statement recognizing certain circumstances as "extraordinary and compelling reasons" for purposes of compassionate release, so long as "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)":

> (A) Medical Condition of the Defendant.—
>   (i)   The defendant is suffering from a terminal illness (i.e., a serious physical and advanced illness with an end of life trajectory) . . . .
>   (ii)  The defendant is—
>     (I)    suffering from a serious physical or medical condition,
>     (II)   suffering from a serious functional or cognitive impairment, or
>     (III)  experiencing deteriorating physical or mental health because of the aging process,
>              that 'substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.'
> (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE ~ 3

(C) Family Circumstances—
- (i)    The death or incapacitation of the caregiver of the defendant's minor child or minor children.
- (ii)   The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S. Sentencing Guidelines Manual ("USSG") § 1B1.13.

Until December 21, 2018, the Court could reduce a term of imprisonment for extraordinary and compelling reasons only upon motion by the Director of the BOP. Following enactment of the First Step Act, a federal prisoner may move on his own behalf for a sentence reduction and compassionate release after exhausting all administrative appeals.  18 U.S.C. § 3582(c)(1)(A).  Section 1B1.13, USSG, has not been updated since enactment of the First Step Act.[1]

Relief under 18 U.S.C. § 3582(c)(1)(A) is available only after a defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf or the lapse of 30 days from the warden's receipt of Defendant's request for compassionate release, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A).

**DISCUSSION**

---

[1] The Court takes judicial notice that as of the date of this Order, there are an insufficient number of confirmed commissioners to comprise a quorum for purposes of amending the USSG.

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE ~ 4

1    <u>Exhaustion</u>

2           Defendant represents that he has exhausted administrative remedies by

3    requesting compassionate release from the Complex Warden and appealing the

4    denial of his request. ECF No. 31 at 4.  The Government agrees that Defendant's

5    request for compassionate release is ripe for judicial review.  ECF No. 115 at 10.

6    Defendant first sought compassionate release on April 15, 2020, from the Warden

7    at USP-Florence, and the Warden denied the request on April 24, 2020.  ECF No.

8    110 at 5−6.  Defendant subsequently appealed the denial within BOP.  *Id.*  The

9    Court finds that there are no further avenues of relief for Defendant to exhaust at

10   the agency level and concludes that he has satisfied the exhaustion requirement of

11   18 U.S.C. § 3582(c)(1)(A).

12          <u>Home Confinement</u>

13          As a preliminary matter in addressing the merits of Defendant's motions for

14   relief, the Court notes that Defendant seeks to "have the custodial portion of his

15   sentence converted to home confinement to ensure his safety."  *See* ECF No. 105

16   at 13.  Under Section 12003(b)(2) of the Coronavirus Aid, Relief, and Economic

17   Security Act ("CARES Act") (Mar. 27, 2020), if the Attorney General finds that

18   emergency conditions will materially affect the functioning of the BOP, the BOP is

19   permitted to lengthen the maximum amount of time the Director may place a

20   prisoner in home confinement under 18 U.S.C. § 3452(c)(2).  *See also Wilson v.*

21   *Ponce*, Case No. CV 20-4451-MWF (MRWx), 2020 U.S. Dist. LEXIS 104571,

     *20−21 (C.D. Cal. Jun. 8, 2020).  However, as this Court and other district courts

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE ~ 5

1  have recognized, the CARES Act authorized the BOP alone, not the courts, to

2  expand the use of home confinement during the pandemic.  *See United States v.*

3  *Adams*, Case No. 18-cr-19-RMP-2, 2020 U.S. Dist. LEXIS 160462, at *3 (Sept. 2,

4  2020); *Smith v. Blankensee*, Case No. CV 20-4642-JVS (JEM), 2020 U.S. Dist.

5  LEXIS 136623, at *5−6 (C.D. Cal. Jul. 2, 2020).  This Court lacks jurisdiction to

6  order home confinement.  *See Lewis v. Jacquez*, Case No. 20-cv-1146-RSM-BAT,

7  2020 U.S. Dist. LEXIS 196252, at *7−8 (W.D. Wash. Sept. 29, 2020); *Blankensee*,

8  2020 U.S. Dist. LEXIS 136623, at *5−6.

9      Accordingly, the Court considers only whether the Defendant qualifies and

10  presents sufficient justification for compassionate release under 18 U.S.C. § 3582(c).

11      <u>Extraordinary and Compelling Reasons</u>

12      Defendant is eligible for release only if he can demonstrate that he has

13  "extraordinary and compelling" circumstances that would justify compassionate

14  release in light of both 18 U.S.C. § 3582(c) and 18 U.S.C. § 3553(a), which the

15  United States Sentencing Commission directs courts to consider.  USSG § 1B1.13.

16      Defendant asserts that his chronic asthma makes him susceptible to

17  complications were he to become ill with COVID-19.  ECF No. 105 at 8−9.  The

18  Government agrees that Defendant's chronic asthma and other respiratory illness

19  constitutes extraordinary and compelling reasons based on a "serious physical or

20  medical condition" under USSG § 1B1.13. 1(A)(ii)(I).  ECF No. 115 at 11.

21  However, the Government argues that the Court should consider that Defendant

    would also be exposed to the possibility of contracting COVID-19 were he to be

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE ~ 6

released to Spokane County, where community transmission is widespread. ECF No. 115 at 12−13.

The Court agrees that Defendant has substantiated that his chronic asthma constitutes a serious physical or medical condition from which Defendant is currently suffering. However, the Court further agrees with the Government that Defendant is susceptible to complications whether he is exposed to the virus that causes COVID-19 in or out of custody, and there is not firm support in the record for Defendant having a better ability to manage his chronic asthma if released to the community during the pandemic.

Section 3553(a) Factors

The Court further considers the factors set forth in 18 U.S.C. § 3553(a) and finds that they weigh against compassionate release for Defendant, especially "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). Defendant's instant convictions are for distribution of methamphetamine into the community, and in being arrested after Defendant led law enforcement on a dangerous, high-speed chase and while he had a firearm with him in his vehicle. *See* ECF No. 115 at 13. By the time of his sentencing at age 26, Defendant already had reached a Criminal History Category VI as a result of criminal activity ranging from misdemeanors to violent felonies, including assault and robbery.

The Court encourages Defendant to persist with engaging in the rehabilitative programming that is available to him and to continue to abstain from behavior that

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE ~ 7

would result in further infractions while he is incarcerated. *See* 18 U.S.C. §
3553(a)(2)(C). However, Defendant's recent efforts toward peaceful, law-abiding
behavior do not yet overcome the violent nature of Defendant's criminal history and
the circumstances of his instant offenses, which caution against early release from his
sentence. *See* 18 U.S.C. § 3142(g). Rather, the Court concludes that Defendant
presents a continuing risk of danger to the community and that this conclusion
precludes his release. Therefore, the Court concludes that the section 3553(a) factors
weigh against granting Defendant compassionate release under the circumstances
presented in his motion.

Accordingly, having considered all of the factors required by USSG § 1B1.13,
as well as those set forth in 18 U.S.C. § 3553(a), **IT IS HEREBY ORDERED** that
Defendant's Motion for Compassionate Release, **ECF No. 93**, is **DENIED**.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order
and provide copies to counsel and to the U.S. Probation Office.

**DATED** December 29, 2020.


          *s/ Rosanna Malouf Peterson*
          ROSANNA MALOUF PETERSON
          United States District Judge

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE ~ 8